# THE BRIGHTWOOD RAILWAY COMPANY

*v.*

# CARTER.

TRIAL; INSTRUCTIONS TO JURY; NEGLIGENCE; CONTRIBUTORY
NEGLIGENCE.

1. An instruction in a personal injury suit against a street railway
company that the plaintiff, a passenger, assumed the increased
risk of riding on the footboard of a car, holding on to the
handlebar, if he knew there was standing room inside the car,
is not erroneous if supported by the evidence.

2. And in such a case, the rights of the company are sufficiently pro-
tected, by an instruction to the jury (if supported by the evi-
dence), to the effect that the passenger was guilty of contribu-
tory negligence precluding recovery for a fall received while
riding on the footboard of the car, caused by the handlebar, to
which he was holding, pulling away from the post to which it
was screwed, if such handlebar was constructed merely to aid
passengers in boarding and leaving the car, and was firm
enough for that purpose, but was wrenched from its fastenings
by the passenger's act in swinging outward from the car.

No. 746. Submitted December 10, 1897. Decided January 5, 1898.

HEARING on an appeal by the defendant from a judgment
on verdict in an action to recover damages for personal in-
juries. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Franklin H. Mackey* for the appellant:

1. Riding upon the footboard of an electric car going at
a rapid rate down grade, holding on only to the handle
bar, instead of to the upright post of the car, is such con-
tributory negligence *per se* as will prevent a recovery in
case the plaintiff is thrown from the car by reason of the
handle bar giving way. *Gilly* v. *Railway Co.*, 21 So. Rep.
850; *Ashbrook* v. *Railway Co.*, 18 Mo. App. 290.

2. One who voluntarily places himself in a dangerous position is guilty of such contributory negligence as prevents a recovery if he be injured. Where there is danger and the peril is known, whoever encounters it voluntarily and unnecessarily can not be regarded as exercising ordinary prudence, and therefore does so at his own risk. *Corlett* v. *Leavenworth*, 27 Kan. 673; *Shaffer* v. *Sandusky*, 33 Ohio St. 246; *Gosport* v. *Evans*, 112 Ind. 133. A man has no right to cast himself upon a known danger where the act subjects him to great peril. If there is a risk apparent or known, that will probably result in injury, he must not encounter it. *Railway Co.* v. *Brannegan*, 75 Ind. 490; *R. Co.* v. *Pinchin*, 112 Ind. 592.

Even a passenger can not rely upon a conductor's directions, where they would lead him into danger open to observation. *Cincinnati R. Co.* v. *Carper*, 112 Ind. 26.

It will not avail the plaintiff that he was not fully aware of his danger; for a plaintiff is bound to know where the circumstances are known to him, or the hazard is apparent to a reasonably prudent man. *R. Co.* v. *Henderton*, 43 Pa. 449; *R. Co.* v. *Kendrick*, 40 Miss. 374. See also *Harbison* v. *Railroad*, 9 App. D. C. 60.

*Mr. Clarence A. Brandenburg* for the appellee:

1. It is not *per se* negligence for a passenger to ride upon the platform or footboard of a crowded street or railway car, but the passenger merely thereby assumes the increased risk of so riding, and when in such a position, even voluntarily, the care required of a passenger is only increased to the extent of the obvious and naturally to be expected dangers connected with the position, and if the position be taken with the consent or invitation, expressed or implied, of the carrier, the ordinary duty of the carrier is in no way abated. It is not even negligence *per se* for passengers to board or leave moving cars; and when they do so, the question of contributory negligence is in

most cases for the jury. *Murphy* v. *R. Co.*, 118 Mass. 228; *Spooner* v. *R. Co.*, 54 N. Y. 230; *Nolan* v. *R. Co.*, 87 N. Y. 73; *Lehr* v. *R. Co.*, 118 N. Y. 556; *Fleck* v. *R. Co.*, 134 Mass. 480; *Brown* v. *R. Co.*, 11 App. D. C. 37.

The case of *Elliott* v. *Railway Co.*, 23 L. R. A. 208, is very much like the present one, and fully supports our contention. See also *Railroad Co.* v. *Walliny*, 97 Penn. 55; *Railway Co.* v. *Biggs*, 38 Kans. 375; *Railway Co.* v. *Lee*, 50 N. J. L. 435; *Gertz* v. *Railway Co.*, 72 Wis. 307; *Railroad Co.* v. *Gallagher*, 108 Pa. St. 524; *Spooner* v. *Railroad Co.*, 54 N. Y. 230; *Coleman* v. *Railroad Co.*, 114 N. Y. 609; *Meesel* v. *L. & B. R. Co.*, 8 Allen, 234.

Wholly apart from the decisions of courts of other jurisdictions, the question has been settled by this court. *Adams* v. *Railroad Co.*, 9 App. D. C. 62; *McAfee* v. *Huidekoper*, 9 App. D. C., 36; *Brown* v. *Railroad Co.*, 11 App. D. C. 37; *Harbison* v. *Railroad Co.*, 9 App. D. C. 60. Nor is there any well founded distinction, of which a court of appeals may take notice as a matter of law, between a car propelled by electricity or cable and horse power. *Muldoon* v. *Railroad Co.*, 22 L. R. A. 798; *Kent* v. *Railroad Co.*, 18 L. R. A. 479.

Mr. Justice SHEPARD delivered the opinion of the Court:

1. The appellee, Charles E. Carter, sued the appellant, the Brightwood Railway Company, for damages for personal injuries received while riding upon one of its passenger cars, July 12, 1896, and recovered a judgment for $500.

It appeared from plaintiff's evidence, that he got upon the footboard of a summer car at Brightwood to go to Washington; that because the seats were crowded, he stood, among others, on the footboard and held on, with both hands, to the metal handlebar on one of the upright posts that support the roof of the car; that while the car was running rapidly down grade, the handlebar pulled away from the post and he fell to the ground. He paid his fare while standing on the footboard.

There was other testimony corroborating the plaintiff, and some tending to show that the car was running at a high rate of speed and gave a "lunge" at the time that plaintiff fell.

Defendant offered evidence tending to prove that plaintiff might, with an ordinary effort, have gotten a seat or standing room in the car, and that he was "swinging himself out" in a dangerous manner. It was also proved that the metal handlebars are screwed on to the upright wooden post. Defendant's testimony tended to show also that the bars were intended for use in getting in and out of the car, and not for holding to for safety; and that safety required holding on to the posts, which were about three and one-half inches in diameter. There was no testimony tending to show that passengers were ever notified not to hold on by the handlebars whilst riding on the running board or footboard.

2. The defendant prayed for instructions of the following substantial effect:

(1) That the plaintiff did not exercise proper care, and the verdict must be for the defendant. (2) That it is negligence on the part of a passenger to ride on the footboard when there is standing room on the inside, and no excuse therefor that he does not wish to discommode other passengers. (3) That it is still greater negligence for a passenger to hold on to the handlebar instead of the post. (4) That it is the duty of the passenger to place himself in a safe position if able to, and it is no excuse that the persons in charge of the car (both they and he knowing the unsafety of his position) did not drive him therefrom; and that riding upon the footboard is more dangerous than standing inside the car. (5) That defendant was not bound to keep the handlebar in such condition that a passenger on the footboard may trust his weight thereto while the car is in motion. (6) If the jury believe it negligence on the part of plaintiff to ride on the footboard holding to the handlebar instead of the post, and that such conduct contributed to

the accident, he can not recover. These were refused and exceptions taken.

3. The following instruction was given on behalf of the plaintiff and excepted to :

" If the jury believe from the evidence that the plaintiff was a passenger on one of the defendant's cars, and while such passenger and while holding on by one of the handlebars upon such car, said car gave a sudden lurch and said handlebar gave way, and the plaintiff was thereby thrown to the ground and injured, they are instructed that they may infer that the injury to the plaintiff resulted from the negligence of the defendant, and the plaintiff is entitled to recover, unless the jury further believe from the evidence the injury to the plaintiff was the result of the failure on the part of the plaintiff to exercise ordinary care, such as should be used by a person in the plaintiff's position on the car."

The following instructions were then given by the court instead of those prayed by the defendant:

"If the jury find that the plaintiff on July 12, 1896, boarded the defendant's open summer electric motor car at Brightwood to ride into Washington and stood upon the footboard, and there paid his fare to the conductor and remained upon the footboard instead of entering the car, where, as the plaintiff knew, there was standing room (if the jury so believe), and that the plaintiff, while the car was going stood upon the footboard and held onto the handlebar instead of holding onto the upright post of the car to which the handlebar was attached, the jury are instructed that the plaintiff thereby assumed the increased risk of riding in such exposed position; and if the jury further find that while so situated, the plaintiff received the injury from the accident as shown in evidence, the jury are further instructed that before the plaintiff is entitled to recover the jury must by a fair preponderance of the evidence further find that the said accident was caused in whole or part by some negligent act of

defendant. There is no presumption of negligence from the mere happenings of such accident to the plaintiff under such circumstances, if the jury so find them."

The following is the court's substitution for defendant's fifth prayer and which was read to the jury:

"If the jury find that the plaintiff rode standing upon the footboard instead of seeking a safer place to stand inside the car, and that he held onto the handlebar instead of to the upright post of the car, and that before and about the time of the accident sued for in this action he swung outward from the car while in motion, and if the jury further believe from the evidence that the handlebar was a convenience afforded to the public to aid them in boarding and alighting from the car, and that the one in question was stable and firm enough for all such uses, but that the plaintiff by his swinging outward from the car while it was in motion subjected said handlebar to an extraordinary strain which wrenched it from its fastenings to the post, and that thereby the plaintiff received the injury sued for, and that all the while the car was propelled and managed with proper caution and ordinary care, the jury are instructed that the plaintiff's want of care contributed to his injury, and the plaintiff is not entitled to recover."

4. We do not think it necessary to consume time in discussion of the different errors assigned on the exceptions taken to the instructions given or refused. Taken as a whole, the charge is just and fair and in strict application to the facts undertaken to be proved in the prosecution and defence.

With due regard to the rights of the defendant, it follows closely law that has, time and again, been declared by this court in similar or analogous cases. *Harbison* v. *Met. R. Co.* 9 App. D. C. 60, 68; *McAfee* v. *Huidekoper*, 9 App. D. C. 36, 40; *Adams* v. *W. & G. R. Co.* 9 App. D. C. 26, 32; *Met R. Co.* v. *Snashall*, 3 App. D. C. 420, 433. Others might be cited, but the foregoing are sufficient.

The judgment will be affirmed, with costs.　　　*Affirmed.*